## THEODORE D. COOKE v. THE SECOND UNIVERSALIST SOCIETY.

After pleading to the merits of an action commenced by a writ of summons, and submitting his defence to it in the court below, the defendant cannot, upon motion to dismiss or plea in abatement originally filed, be permitted to object, in the appellate court, that the writ was insufficiently served, although he has formally reserved a right so to do, in the commencement of his plea to the merits.

ASSUMPSIT, against a religious corporation, in which, after a motion to dismiss for want of sufficient service of the writ was refused in the Court of Common Pleas for the county of Providence, and demurrers to pleas were decided, the case was submitted to a jury, who, being unable to agree, the plaintiff submitted to judgment for the defendant and appealed to this court.

The defendant, in this court, now renewed his motion to dismiss the suit, on the ground that it appeared, from the officer's return upon the back of the writ, that the writ, which was a writ of summons, was not served upon the treasurer of the corporation by leaving an attested copy with him personally, but by leaving such copy at his last and usual place of abode.

The same matter was made the subject of a plea in abatement, to which the plaintiff demurred, and saving and reserving this motion and plea, the defendant filed also the general issue, in which the plaintiff joined.

*James Tillinghast, for the motion.*

*T. A. Jenckes, against it.*

AMES, C. J. It would certainly be inconsistent with the general rules of practice, that the defendants, after appearing in this case, pleading to its merits and submitting them to a jury in the court below, should, upon the plaintiff's appeal to this court, be permitted to dismiss the appeal upon the ground that the original writ of summons was not properly served upon them. The sole purpose of the writ is to bring the defendants before the court, and when they have come in, there is an end of it; since they might have come in upon the writ, without any service of it whatever. 1 Sellon's Pract. 100. Our practice, indeed, permits some pleas in abatement and to the merits to be filed together six days before court, without the latter being regarded as a waiver of the former. This does not, however, apply to pleas to the jurisdiction; nor, for the same reason, to motions and pleas going to the service of a writ of summons, the sole purpose of which is notice to the defendant. By appearing to the case, pleading to the merits, and trying the case upon them to the jury, the defendants must be considered not only to have received notice, but to have waived all defects in the mode of giving it; and it would be a gross sacrifice of what is substantial to what is

formal merely, to allow them to object to that which they thus acknowledged that they had received.

In this view of the motion and of the plea in abatement, it is unnecessary to consider the matter of them, and the case must stand for trial upon its merits.